IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

STEPHEN ALLEN PRICE JR.,
   MOVANT,

V.                Case No. W-16-CV-099-RP
                    [No. W-10-CR-116(2)-RP]
UNITED STATES OF AMERICA,
   RESPONDENT.

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Stephen Allen Price Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#58]. Having considered the document, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

**Background**

On October 7, 2010, Price was sentenced as a career offender under the Sentencing Guidelines to 151 months for Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine, a Schedule II Controlled Substance. Price challenges his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). More specifically, § 2255(f) provides:

1

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Price's conviction became final in 2010. However, Price did not execute his § 2255 motion until April 18, 2016, more than four years after the AEDPA's one-year limitation period had expired. On March 6, 2017, the Supreme Court rendered its decision in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886 (2017). Therefore, Price's untimeliness is not excused because of *Johnson*, and his motion is barred by the AEDPA's statute of limitations.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Price's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Stephen Allen Price Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#58] is DISMISSED WITH PREJUDICE as time-barred; and

3

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

**SIGNED** on April 10, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE